Edward T. HANLEY, et al., Plaintiffs,

v.

OMARC, INC., et al., Defendants.

No. 97 C 7024.

United States District Court,
N.D. Illinois,
Eastern Division.

May 20, 1998.

Mark A. Spadoro, John Thomas Kennedy, Anthony E. Napoli, Rathna Chikkalingaiah, Hanley & Spadoro, Chicago, IL, for plaintiffs.

Donald Gottesman, Law Offices of Donald Gottesman, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is plaintiffs' motion to vacate the court's May 4, 1998 order transferring this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the court denies plaintiffs' motion.

## I. BACKGROUND [1]

On May 4, 1998, the court issued a memorandum opinion and order (1) denying defendants' motion to dismiss for improper venue; (2) granting defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a); and (3) denying defendants' motion to dismiss for lack of personal jurisdiction as moot. *Hanley v. Omarc, Inc.,* 6 F.Supp. 770, 772, (N.D.Ill.1998). The court then transferred this case to the United States District Court for the District of New Jersey, Camden Division.

On May 15, 1998, plaintiffs filed this motion to vacate the court's May 4, 1998 order. Plaintiffs disagree with the court's decision to transfer this case to New Jersey.

## II. DISCUSSION

■ After careful consideration and after conducting a balancing test which took into account all relevant factors, this court determined that this case should be transferred to

1. For further background on the facts of this case, the court refers the reader to *Hanley v.* *Omarc, Inc.,* 6 F.Supp. 770, 772–73 (N.D.Ill. 1998).

the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). *Hanley,* 6 F.Supp.2d at 773–77. Three important considerations weighed against transfer: (1) Illinois was the plaintiffs' chosen forum; (2) Illinois was where the employee benefit plan was administered; and (3) there is a strong interest in simplifying the collection of withdrawal liability by administrators of pension funds, that is to say, protecting the financial integrity of employee benefit plans. However, other considerations relevant to the § 1404(a) analysis weighed heavily in favor of transfer. These are that (1) New Jersey was the situs of all material events; (2) New Jersey was a more convenient forum for the witnesses identified by the parties; (3) the two defendants in this case consisted of a small New Jersey corporation which was dissolved in 1996 and an individual who is a New Jersey resident and who was President of the small New Jersey corporation; and (4) New Jersey is the forum closer to the action. In its discretion, the court found that the factors weighing in favor of transfer far outweighed the factors weighing against transfer.

■ Plaintiffs, however, disagree with the court's decision to transfer the case. Plaintiffs do not, and could not, argue that § 1404(a) does not apply to ERISA actions. *See* Defs.' Memo. at 7 (explaining that the court must balance the § 1404(a) factors). Rather, plaintiffs argue that (1) the court did not assign enough weight to the interest in protecting the financial integrity of employee benefit plans and (2) defendants have failed to show that transfer was warranted.

Plaintiffs are correct that there is a strong interest in protecting the financial integrity of employee benefit plans and that that interest weighs strongly against a § 1404(a) transfer. However, that is not the only interest at stake when making a § 1404(a) transfer determination. The court must also consider the convenience of the parties and witnesses and the interest of justice. In its opinion, the court stated that "[t]he strongest consideration weighing against transfer 'is that in ERISA actions such as this one, the interest of justice favors simplifying the collection of withdrawal liability by administrators of pension funds.'" *Hanley,* 6 F.Supp.2d at 777 (citing *Central States, Southeast & Southwest Areas Pension Fund v. Gelock,* No. 90 C 4317, 1991 WL 36919, at *3 (N.D.Ill. Feb.26, 1991)). The court, however, found that the other factors relevant to the § 1404(a) determination far outweighed the deference to be given that consideration. *See Hanley,* 6 F.Supp.2d at 774–77.

Plaintiffs are wrong in stating that defendants failed to show that the transfer was warranted under § 1404(a). That which defendants submitted to the court was sufficient for the court to determine that transfer was warranted. It is the court's role, not plaintiffs', to determine if defendants' showing was sufficient.

Plaintiffs are also wrong in stating that defendants did not submit sufficient documentation as to who defendants expected to call as witnesses and what relevant testimony those witnesses would provide. As explained above, the court found that defendants' submissions were sufficient. Further, that was only one factor of many which weighed in favor of transfer. Even without that consideration, the court would have found that the case should have been transferred to New Jersey.

Plaintiffs also take issue with the court's determination that plaintiffs' chosen forum was entitled to less deference because Illinois lacks any significant contact with the underlying cause of action. Plaintiffs describe this as a "significant contact test." Plaintiffs argue that "the 'significant contact' test distorts the nature of ERISA, and will always defeat the Congressional intent of 29 U.S.C. [§ ] 1132(e)(2)." Defs.' Memo. at 9.

Plaintiffs' argument "distorts" the court's opinion. The court was not applying any type of formulaic test in determining what weight should be assigned to plaintiffs' chosen forum. Rather, the court was simply trying to determine under the facts of this case how much weight should be given to the fact that plaintiffs chose Illinois as the venue in which to bring suit. The court determined that this factor was entitled to some, but not

substantial, deference because Illinois' sole connection with the underlying litigation is that Illinois is where the plan is administered.

As mentioned above, it is clear that § 1404(a) applies to ERISA actions. If there ever is a case where an ERISA case should be transferred pursuant to § 1404(a), this is the case. Finding that a transfer is not warranted in this case would be tantamount to a finding that an ERISA case may never be transferred under § 1404(a) if it is brought in the forum where the plan is administered. That is simply not the law.

## III. CONCLUSION

For the foregoing reasons, the court denies plaintiffs' motion to vacate the court's May 4, 1998 order.